UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| LNV CORPORATION | CIVIL ACTION NO.  12-2068 |
| versus | JUDGE TOM STAGG |
| AMS I SHREVEPORT INVESTMENTS, LLC., ET AL. | MAG. JUDGE KAREN L. HAYES |

# ORDER

Plaintiff filed the above-captioned matter in federal court on the basis of diversity jurisdiction.  28 U.S.C. §1332.  When jurisdiction depends on citizenship, "citizenship must be '*distinctly* and *affirmatively* alleged.'"  *Getty Oil, Div. Of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citation omitted) (emphasis in citing source).  This rule requires "strict adherence."  *Id*.

For purposes of diversity, the citizenship of a limited liability company ("LLC") is determined by the citizenship of all of its members.  *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).[1]  Moreover, for each member of an LLC that is itself an LLC or partnership, its members and their citizenship must be identified and traced up the chain of ownership until one reaches only individuals and/or corporations.  *Lewis v. Allied Bronze, LLC*, 2007 WL 1299251 (E.D. N.Y. May 2, 2007); *see also Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009) (suggesting that to discern the citizenship of an LLC, the court must trace citizenship "down the various organizational layers"); *Feaster v. Grey Wolf Drilling Co.*, 2007

---

[1] Under Louisiana law, a limited liability company is an unincorporated association.  La. R.S. 12:1301A(10).  However, the law of the state where the plaintiff LLC is organized may differ.  If so, plaintiff shall address this issue in its amended complaint.  *See* discussion, *infra*.

WL 3146363, *1 (W.D. La. Oct. 25, 2007) ("citizenship must be traced through however many layers of members or partners there may be").

In this case, the complaint, fails to allege the members and citizenship of defendant AMS I Shreveport Investments, LLC ("AMS").[2]

Accordingly, within the next 7 days from the date of this order, plaintiff is granted leave of court to file an amended complaint that establishes diversity jurisdiction. *See* 28 U.S.C. § 1653. If plaintiff fail to so comply, or if jurisdiction is found to be lacking, then dismissal will be recommended. Fed.R.Civ.P. 12(h)(3).

THUS DONE AND SIGNED in chambers, at Monroe, Louisiana, this 16th day of October 2012.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

---

[2] Although plaintiff alleged that none of AMS's members are citizens of Texas for purposes of diversity, *see* Compl., ¶ 4, this allegation does not *affirmatively* allege AMS's citizenship. *See Illinois Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n2 (5th Cir.1983) (the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference).